UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

OLEN DAMON WOMBLE, III,

    Petitioner,

v.

    Case Number 16-13739
    Honorable Thomas L. Ludington

SHAWN BREWER,

    Respondent.

_____/

**ORDER TRANSFERRING THE HABEAS CORPUS PETITION TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION AND DENYING AS MOOT PETITIONER'S MOTION FOR RELEASE FROM CUSTODY AND HIS MOTION TO EXPEDITE REVIEW OF HIS CLAIM OF INNOCENCE**

Petitioner Olen Damon Womble, III, has filed a *pro se* habeas corpus petition challenging his state convictions for first-degree criminal sexual conduct and kidnapping. Petitioner is serving a sentence of twenty-five to fifty years in prison for the criminal sexual conduct and twenty to forty years in prison for the kidnapping. He asserts that his trial and appellate attorneys were ineffective, that he was denied his right to an impartial jury, and that the trial court deprived him of his right to present a defense. Petitioner also claims to possess newly discovered evidence demonstrating that he is actually innocent of the crimes for which he was convicted. Because Petitioner challenged the same convictions in a previous petition that was denied on the merits, the Court will transfer the current petition to the Court of Appeals for a determination of whether this Court may adjudicate Petitioner's claims.

**I.**

The habeas petition and exhibits indicate that, in 1992, Petitioner was convicted of two counts of criminal sexual conduct in the first-degree and one count of kidnapping. The state trial

court sentenced Petitioner to concurrent terms of twenty-five to fifty years in prison for the criminal sexual conduct and twenty to forty years for the kidnapping.

On appeal from his convictions, Petitioner argued that: (1) he was denied due process and his right to present a defense by the trial court's ruling that the prosecutor could introduce evidence of Petitioner's prior "bad acts" if the defense raised the issue of consent; (2) there was insufficient evidence to support the kidnapping conviction; and (3) the trial court erred when instructing the jury. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions. *See People v. Womble*, No. 161092 (Mich. Ct. App. July 18, 1995). On May 31, 1996, the Michigan Supreme Court denied leave to appeal. *See People v. Womble*, 550 N.W.2d 532 (Mich. 1996) (table).

In 1997, Petitioner filed a motion for relief from judgment in which he alleged that: (1) his trial attorney was ineffective for failing to challenge the impanelment of a biased juror; (2) appellate counsel was ineffective for failing to assert that trial counsel was ineffective; and (3) the trial court erred when calculating the sentencing guidelines. The trial court found no merit in Petitioner's claims and denied his motion. The Michigan Court of Appeals denied leave to appeal the trial court's decision, and on December 28, 1999, the Michigan Supreme Court denied leave to appeal because Petitioner filed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Womble*, 606 N.W.2d 656 (Mich. 1999) (table).

In December of 2000, Petitioner filed his first habeas corpus petition. He argued that: (1) appellate counsel was ineffective for filing Petitioner's post-conviction motion one year after the state supreme court denied leave to appeal on direct review; (2) the trial court deprived him of his right to present a defense when it ruled that the prosecution could admit prejudicial evidence on rebuttal; and (3) trial counsel was ineffective for failing to remove the juror who informed the

trial court of her inability to be fair. United States District Judge Denise Page Hood summarily dismissed the petition because Petitioner had failed to comply with the statute of limitations. *See Womble v. Berghuis*, No. 00-75601 (E.D. Mich. Mar. 27, 2001). Petitioner appealed Judge Hood's decision, but the United States Court of Appeals for the Sixth Circuit dismissed his appeal for lack of jurisdiction. *See Womble v. Berghuis*, No. 02-1320 (6th Cir. May 9, 2002).

On October 19, 2016, Petitioner filed his current petition for the writ of habeas corpus. The first few pages of the petition mention Petitioner's unrelated convictions for armed robbery, kidnapping, second-degree criminal sexual conduct, assault with intent to commit sexual penetration, and felony firearm. In the sections outlining the procedural history and overview of the case, however, Petitioner refers to his Wayne County convictions for two counts of criminal sexual conduct and one count of kidnapping involving a victim with the last name of Gordon. Petitioner's many exhibits also indicate that the convictions being challenged here are the convictions for two counts of first-degree criminal sexual conduct and one count of kidnapping resulting from an incident that occurred on February 27, 1992.[1]

Petitioner alleges as grounds for relief that: (1) he was deprived of his right to effective assistance of counsel by (a) counsel's failure to conduct an adequate pretrial investigation, (b) counsel's advice to waive certain witnesses, and (c) counsel's failure to present a defense; (2) he was deprived of his right to trial by an impartial jury because a juror repeatedly informed the trial court that she would not be able to render a fair verdict, and trial counsel was ineffective for failing to challenge the juror for cause or excuse her with a peremptory challenge; and (3) he was

---

[1] To the extent, Petitioner is attempting to challenge his armed robbery conviction and the related convictions that arose from an incident on January 9, 1992, he must commence a new action by filing another habeas corpus petition. *See* Rule 2(e) of the Rules Governing Section 2254 Petitions in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.")

deprived of his right to present a defense when the trial court ruled that highly prejudicial "bad acts" evidence could be admitted on rebuttal. Petitioner also contends that his appellate attorney was ineffective, and he claims to have newly discovered evidence, including police reports and other documents, demonstrating that he is actually innocent of the crimes for which he is incarcerated.

In his motion for release from custody on his own recognizance, Petitioner claims to have a compelling and credible claim of actual innocence. He also alleges that he has served twenty-four years of his minimum sentence, that he could be released on parole soon, and that he has asserted substantial claims of law.

Finally, in his motion to expedite review of his case, Petitioner asserts that he will not be considered for sexual-offender therapy, which he needs to be released on parole, if he continues to pursue a claim of actual innocence in this Court. Consequently, Petitioner seeks to have the Court expedite review of his claim of actual innocence and his motion for release from custody. In the alternative, Petitioner seeks a dismissal of his claims without prejudice.

## II.

As noted above, this is Petitioner's second habeas corpus action. The United States Court of Appeals for the Sixth Circuit recently pointed out that

> [f]ederal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—"second or successive" petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief. 28 U.S.C. § 2244(b)(3)(A).

*In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). Among other things, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive

application' in district court. 28 U.S.C. § 2244(b)(3)(A)." *Id.* at 414; *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) (stating that, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). A habeas petition is considered "second or successive" for purposes of 28 U.S.C. § 2244(b) if the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607–08 (6th Cir. 2000)).

Petitioner's first habeas petition was denied on the basis of Petitioner's failure to comply with the statute of limitations. "[T]he dismissal of a habeas petition as untimely constitutes a disposition on the merits and . . . a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Stated differently,

> dismissal of a first habeas petition for untimeliness presents a "permanent and incurable" bar to federal review of the underlying claims. *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005). [T]herefore . . . dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b).

*Id.* at 1030.

Furthermore, Petitioner has not received permission from the Court of Appeals to file a second or successive habeas petition. When, as here, a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[2] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

2    Section 1631 states that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought

It is further **ORDERED** that the Clerk of the Court shall **TRANSFER** Petitioner Olen Damon Womble, III's Petition for a Writ of Habeas Corpus, ECF No. 1, to the Sixth Circuit Court of Appeals for a determination of whether this Court may adjudicate Petitioner's claims.

It is further **ORDERED** that Petitioner's motion for release from custody on his own recognizance, ECF No. 2, and his motion to expedite review of his claim of innocence, ECF No. 5, are **DENIED as moot.**

Dated: November 23, 2016  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 23, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---

at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.